Risher *v.* Roush.

RISHER *v.* ROUSH.

1. Courts of Chancery cannot relieve against judgments at law; for the mistakes or negligence of the parties, even should the mistakes have been occasioned by the suggestions of the Court. (Note *a*.)

2. If a party has once submitted his case to a Court of Law, and it was proper for the Court to adjudicate thereon, and does so, he is precluded from any relief in Chancery.

IN CHANCERY.

M'GIRK, C. J., delivered the opinion of the Court.

This was an appeal from the Circuit Court of Cape Girardeau county, in a Chancery case.

This case appears to be, that Roush brought an action at law against Risher on a bond. To this action, Risher pleaded payment, and gave notice of set-off. On this state of the case, the parties went to trial, and judgment was had against Risher; no bill of exceptions was taken to any of the proceedings of the Court. Risher afterwards filed his bill in Chancery against Roush, to be relieved from this judgment, and enjoined proceedings on the same; the cause was heard before the Circuit Court, and the bill of Risher was dismissed, and the injunction dissolved.

The bill alledges that the money in the bond was paid: this is denied by the answer. The bill also alledges, that when, or about the time the trial was to be had in the Court below, certain depositions of Risher which would prove the payment, were set aside for informality; and that then he made his affidavit for a continuance, stating thereon what the testimony was, which was rejected; and that he expected to have the testimony by the next Court, &c., &c. And made his motion for a continuance, which motion was by the Court overruled; and, that the Court gave as a reason for overruling the motion, that if the said testimony was there it would not avail any thing, because, that Risher's remedy was in Chancery.

(96) No bill of exceptions was taken to the overruling this motion, by which proceedings of the Court of Law, the complainant was induced to believe his remedy was in Chancery; and he therefore did not save the point of suppressing his depo-

sitions and refusing the continuance, whereby judgment went against him.    And·
that he is now without remedy at·law.

The answer does not admit nor deny these matters as to the depositions and con-
tinuance, but they are proved by the testimony of a witness.

The Circuit Court dismissed the bill, on the ground that the matter had been sub-
mitted to, and adjudicated on, by a Court of Law; and that a Court of Chancery
could not now *overhaul* it.

When this cause was before this Court at the last term, I did incline to the opin-
ion, that as the reason why the defendant at law failed to save his case, so that it
could be revised in a Court of Error, was, owing to the suggestion of the Court, that
the remedy was in Chancery, the party ought to have relief; but on reflection I am
compelled to abandon that opinion.    If the party chose to believe in the opinion of
the Court, it must be at his own hazard; and it now seems to me to be no good grounds
for relief in equity, that the Court or his counsel gave him bad advice; he should
have excepted to the opinion of the Court in refusing to continue, and if on examin-
ation, this should be found to be error, then he would have had relief; but having fail-·
ed to do so, furnishes no more ground for relief than he would have been entitled to,
if the Court had committed any other error, and he had submitted to it till it was too
late to redress it.    I take the rule to be, that if a party has once submitted his case
to a Court of Law, and the defence was proper for a Court of Law to adjudicate on,
and it does adjudicate on it, that the case is forever closed against any relief in
Chancery; unless the party is prevented by some fraud of the other party from mak-
ing a legal defence, he must submit and abide the consequences of his own folly or
negligence.    Here no fraud of the other party is alledged as a reason for not making
a defence; no uncommon calamity befel the defendant: he should, if his testimony
was improperly rejected, have saved the point and reversed the judgment; or if pro-
perly rejected, and a continuance was improperly refused, have saved the point and
reversed for that.    But he has done neither, but relied on the mistaken opinion of
the Court, given *obitur dictum,* that he would have relief in Chancery.

(97) We have looked into the depositions that were suppressed, for now they are
made testimony in this case.    By them, something like evidence of payment, or a
demand by way of set-off, seems to be loosely established; but if the party has any·
demand good by way of set-off, he must be driven to his separate action for remedy,·
if he submitted no evidence on that point in the Court at Law, (see *Peake's Evi.,*
page —).    But in a Court of Chancery he cannot even have that benefit, his case·
being of a legal nature.    Courts of Chancery cannot relieve against judgments at·
law, for the mistakes or negligence of the parties.

Judgment affirmed.

(*a.*) See Yontis *v.* Burditt, 3 Mo. R., p. 457.